## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO.**    **16-4569** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, ET AL** | **SECTION "I" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I.    Factual Summary

The plaintiff, Corey Thomas ("Corey"), is incarcerated in the David Wade Correctional Center in Homer, Louisiana..  He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Jefferson Parish Correctional Center("JPCC") and Jefferson Parish Correctional Center Medical in Gretna, Louisiana.

Corey alleges that he along with four other inmates and a deputy were coming from a visit from the second floor of the JPCC. R. Doc. 1, p. 3. He complains that when they stepped through the door, the elevator closed. *Id.* Thereafter, the deputy spoke with control to move the elevator and it suddenly shot up quickly hitting the top where dust and debris fell down.  He complains that due to the malfunctioning elevator he and the others injured themselves. *Id.*  He complains that he and the other individuals were not taken to the emergency room for their injuries.  He acknowledge that he was given Tylenol and sent back to South Wing 4E. *Id.*  He alleges that the incident occurred accident on January 11, 2015.

## II.       Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.      Improper Defendants

Thomas named the JPCC and JPCC Medical as the only defendants in this action.   Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police,* 491 U.S. 58

(1989).  Under federal law, a county prison facility is not a "person" within the meaning of the statute.  *Cullen v. DuPage County*, No. 99-c-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).  Thus, the JPCC and JPCC Medical are clearly not a proper defendants in this case.

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law.  An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits.  Fed. R. Civ. P. 17(b).  Thus, the Court will look to Louisiana law to determine if JPCC and JPCC Medical can be sued.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.

Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status.  The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue.  In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. . . .Such a

3

determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So. 2d at 346-47 (citation omitted).  In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board.  *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id*. at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails.  The Parish is charged with its jails' physical maintenance.  La. Rev. Stat. Ann. § 15:702.  However, the duty to administer and operate the jails falls on the Sheriff of each Parish.  La. Rev. Stat. Ann. § 15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government.  La. Const. art. 5 § 27; *see Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2nd Cir. 1991) (holding that the parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, the jail facilities are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff.  *See Roberts*, 634 So. 2d at 347.  The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

4

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998)(dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also, Kerr v. Orleans Parish Sheriff's Office, Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug, 10, 2015).  Accordingly, Thomas' claims against JPCC and JPCC Medical should be dismissed as frivolous and for failure to state a claim for which relief can be granted.

## IV.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the plaintiff Corey Thomas' claims pursuant to Title 42 U.S.C. § 1983 against the Jefferson Parish Correctional Center and Jefferson Parish Correctional Center Medical be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and §1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of October, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5